# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50386 | **DATE** | 1/22/2003 |
| **CASE TITLE** | DAWN vs. BLACK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, summary judgment is granted in favor of all defendants on all counts in their official capacities. Summary judgment is granted in favor of Dulgar and Schissel, in their individual capacities on Counts I and VI. Summary judgment is granted in favor of Black in her individual capacity on Counts III and VI. Black's motion for summary judgment is denied as to Counts I, IV and V as they relate to her individual capacity. Summary judgment is denied to Dulgar and Schissel on Counts II and IV as they relate to their individual capacity. The parties are ordered to schedule a settlement conference with the magistrate judge within 30 days. *Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JAN 23 2002 date docketed | 40 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | 1-22-03 date mailed notice | |
| /SEC | courtroom deputy's initials | 03 JAN 22 PM 3:36 FILED-WD | SW mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lauticia Dawn, brings this action against defendants, Shalene Black, Donald Dulgar, and Michael Schissel, individually and in their official capacities as City of Rockford police officers. Count I is against all defendants under 42 U.S.C. § 1983 ("Section 1983") alleging plaintiff was falsely arrested. Count II is against Dulgar and Schissel under Section 1983 for failure to intervene to prevent Black from infringing plaintiff's constitutional rights. Count III is against Black under Section 1983 premised on malicious prosecution. Count IV is a state law claim against all defendants for false arrest and false imprisonment. Count V is a state law claim for malicious prosecution against Black. Count VI is a state law claim against all defendants for intentional infliction of emotional distress. The court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Section 1983 claims and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Defendants move for summary judgment.

On summary judgment, all facts are viewed, and all inferences from those facts drawn, most favorably to the nonmoving party. Gonzalez v. Kokot, No. 02-1514, 2002 WL 31882231, * 3 (7th Cir. Dec. 27, 2002). Viewing the facts most favorably to the plaintiff, Black and Dulgar followed a car into plaintiff's driveway to make a traffic stop. Plaintiff came out on the porch, said "What's going on?," and immediately Black told plaintiff to get her "goddamn ass" in the house. (LR 56.1 (b) ¶¶ 135-37, Pl. Dep. pp.47-49) Plaintiff did not go in her house, said nothing, and stayed on the porch. (LR56.1 (b) ¶ 162) Black then asked plaintiff if the occupants of the car lived there and plaintiff responded "No." Black next asked if plaintiff knew them and plaintiff said "No, I don't." (Id. ¶ 168) Black then told plaintiff "now get your god damn ass back in the house [o]r you are going to go to jail." (Id. ¶ 169) Plaintiff just stood there. (Id. ¶ 183) Black then said "Come here" to plaintiff, walked up on the porch, and asked plaintiff's name and date of birth which plaintiff supplied. (Id. ¶¶ 189, 194, 197) Plaintiff said "I'm old enough to be your mother" to which Black responded, "Yes, and you're going to jail." (Id. ¶ 203) Black handcuffed plaintiff, with Schissel's help, and put her in the paddy wagon. (Id. ¶¶ 204, 207-08) Plaintiff was taken to the police station, booked, posted bond, and was released. Plaintiff was charged with resisting/obstructing a police officer under 720 ILCS 5/31-1. The state's attorney dismissed the charges. Plaintiff filed this suit. Black complained to her supervisors and the state's attorney about the charges being dropped. The charges were refiled. The charges were again dismissed by the prosecutor.

A Section 1983 claim against an officer in his official capacity is a claim against the government entity that employs him, Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001), and to establish liability the plaintiff must prove she (1) suffered a deprivation of a federal right, (2) "as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority." Ineco v. City of Chicago, 286 F.3d 994, 998 (7th Cir.), cert. denied, ___ U.S. ___, 123 S.Ct. 581 (2002). Plaintiff has supplied no evidence to support the second prong of this test. Further, she has not addressed the official capacity claims in her brief as to any count of the complaint. Defendants are entitled to summary judgment on the official capacity claims.

Defendants, Dulgar and Schissel are also entitled to summary judgment in their individual capacities on Count I. Plaintiff has supplied no evidence that Dulgar was involved in plaintiff's arrest at all. Schissel's involvement was limited to assisting Black in handcuffing plaintiff. This evidence is insufficient to find them liable for any constitutional violation for the arrest.

Black is not entitled to summary judgment in her individual capacity on the Section 1983 false arrest claim. If the jury were to believe plaintiff's version of the incident, Black lacked probable cause to arrest plaintiff. Under Illinois law, obstructing a police officer requires some form of physical act which imposes an obstacle which may impede, hinder, or delay the performance of the officer's duties. See Kies v. City of Aurora, 156 F.Supp.2d 970 (N.D. Ill. 2001) (Alesia, J.) (applying Illinois law). The only thing plaintiff did was stay on the porch when Black told her to go inside. While defendants argue this failure to go inside was arguably a violation of city ordinance giving Black "arguable probable cause" to arrest for an ordinance violation, it is clear that under plaintiff's version of the facts her actions simply were not even arguably illegal. The right to be free from arrest without probable cause was clearly established well before Black arrested plaintiff. See Driebel v. City of Milwaukee, 298 F.3d 622, 652 (7th Cir. 2002). Accordingly, Black is not entitled to qualified immunity on the section 1983 false arrest claim.

Count II is premised on Dulgar and Schissel's failure to intervene. In order to be liable under Section 1983 for failure to intervene an officer must have reason to know (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any unconstitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. Chavez v. Illinois State Police, 251 F.3d 612, 652 (7th Cir. 2001). Defendants' only argument in favor of summary judgment on this count is that since Black had qualified immunity no constitutional violation occurred and therefore, Dulgar and Schissel had no duty to intervene. Because Black does not have qualified immunity, when viewing the facts most favorably to plaintiff, this argument fails and summary judgment must be denied on Count II.

Black is entitled to summary judgment on the Section 1983 malicious prosecution claim. There is no constitutional right not to be prosecuted without probable cause. Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002). Plaintiff must submit evidence one of her constitutional rights, such as the right to a fair trial, was violated. Id. She has not supplied any evidence of a constitutional deprivation related to the prosecution, as distinct from the arrest without probable cause which forms the basis for the claim under Count I. Without such evidence, defendant is entitled to summary judgment on Count III.

Defendants' only argument supporting summary judgment on Counts IV (against all defendants) and V (against Black), the state false arrest/false imprisonment and malicious prosecution claims, is that Black had probable cause to arrest plaintiff. Since, as discussed above, a genuine issue of material fact exists on this point, defendants' motion for summary judgment is denied on these counts as to claims against defendants in their individual capacity. Count VI is for the state law tort of intentional infliction of emotional distress. Plaintiff must show (1) the conduct involved was truly extreme and outrageous; (2) the defendant intended that her conduct inflict severe emotional distress or knew there was a high probability it would cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress. See Honaker v. Smith, 256 F.3d 477, 490 (7th Cir. 2001) (applying Illinois law). The distress inflicted must be so severe that no reasonable person could be expected to endure it. Id. at 495. Fear, horror, grief, shame, humiliation, and worry alone are not actionable. Id. Plaintiff has not presented facts to show her distress was severe enough to be actionable. Her evidence is that her stomach gets upset and she has anxiety attacks when she sees flashing police lights, that thinking about the incident makes her nauseated, and that she has cried several times and has had nightmares about the incident. (LR 56.1 (b) ¶¶ 237,239) This does not rise to a level no reasonable person could bear.

For the foregoing reasons, summary judgment is granted in favor of all defendants on all counts in their official capacities. Summary judgment is granted in favor of Dulgar and Schissel, in their individual capacities on Counts I and VI. Summary judgment is granted in favor of Black in her individual capacity on Counts III and VI. Black's motion for summary judgment is denied as to Counts I, IV and V as they relate to her individual capacity. Summary judgment is denied to Dulgar and Schissel on Counts II and IV as they relate to their individual capacity. The parties are ordered to schedule a settlement conference with the magistrate judge within 30 days.